[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION ON MOTION TO STRIKE
This case involves a lawsuit by plaintiffs Ferraro against defendants Rogers for the return of a deposit paid in connection with a contract for sale of plaintiffs' real estate. Plaintiffs allege that when they could not obtain a certificate from the Department of Environmental Protection by a date specified in the contract contingency clause, they notified the sellers and demanded return of it, but that the defendants refused to return it as the contract provided.
Defendants then filed a third party complaint seeking damages against the third party defendant Soiltesting, Inc. which had been hired by the plaintiff, the gravamen of which was that Soiltesting improperly performed the tests and kept insufficient contact with the appropriate governmental agencies and either knew, or should have known of the contractual terms between Ferraras and Rogers, thereby tortiously interfering with the contract of sale between the Ferraras and Rogers. CT Page 1742
Pursuant to Practice Book 152 the third party defendant, Soiltesting, Inc., moves to strike the first, second and third counts of the defendants' cross claim because they fail to state claims upon which relief may be granted for the following reasons:
1. With respect to the first count:
a. because it fails to allege privity of contract between a third party defendant and defendants; and
b. because it alleges interference by an agent with respect to a contract between his principal and a third party.
2. With respect to the second count alleging violations of the Connecticut Unfair Trade Practices Act because it lacks specific allegations of statutory violation;
3. With respect to the third count because it fails to allege the requisite elements of a cause of action for contractual or common law indemnification.
At the same time of argument, the third party plaintiff conceded that the motion as to the third count should be granted.
Connecticut recognizes two causes of action for tortious interference with a contract. These actions are negligent interference with a contract and intentional interference with a contract. Blake v. Levy, 191 Conn. 257, 259 (1983). "[T]his court has required privity of contract in order to sustain a claim for negligent interference with contract obligations; (citations omitted) There is no such requirement in cases involving intentional interference with business relations." Id. "`For a plaintiff successfully to prosecute such an action, it must prove that the defendant's conduct was in fact tortious. This element may be satisfied by proof that the defendant was guilty of fraud, misrepresentation, intimidation or molestation . . . or that the defendant acted maliciously."' Id. at 261. Tortious interference with a contract can be alleged by some negligent act if there is privity of contract. In the instant action, defendants Rogers' s' first count alleges that as a result of defendant Soiltesting, Inc.'s negligent acts, the Rogers have suffered damages. The first count in Rogers' second revised cross claim fails to allege any privity of contract with Soiltesting, Inc. In addition, Rogers has failed to allege any fraud, misrepresentation, intimidation, molestation or malice on the part of Soiltesting. Accordingly, Rogers has not sufficiently pled a cause of action for either negligent or intentional interference with a contract and the motion to CT Page 1743 strike Count One of the cross claim is granted.
As to the Second Count alleging CUTPA violations, the motion is granted because it lacks specific allegations of a statutory violation. The third party defendant is entitled to know what facts and which of the three categories of violation the third party plaintiffs Rogers claim exist by virtue of the existence of those facts. See Web Press Services Corporation v. New London Motors, Inc., 203 Conn. 342, 355.
FLYNN, J.